**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WALLACE BROWN, | : | |
| #43329-037 | : | |
|    Petitioner | : | |
| | : | |
| v. | : | Civil Action No.  CCB-11-3126 |
| | : | Related Crim. Action No. CCB-07-437 |
| UNITED STATES OF AMERICA | : | |
|    Respondent | : | |

**MEMORANDUM**

Pending is Wallace Brown's motion for return of property filed under Rule 41 of the Federal Rules of Criminal Procedure and the government's response.[1] Brown, a federal inmate at the Federal Correctional Institution at Fort Dix, New Jersey, wants the following property seized on August 7, 2007, by Drug Enforcement Administration ("DEA") agents returned to him: 1) one 2003 Mercedes Benz E500; 2) $4,695 in cash that was in the vehicle; and 3) $5,000 that was in his residence.  The motion to dismiss will be granted for lack of jurisdiction.

**FACTS**

Verified and undisputed records submitted by government counsel show the DEA completed administrative forfeiture proceedings pertaining to this property more than four years ago after providing Brown with requisite notice.  The property at issue was seized by Baltimore City Police in August 2007 and the DEA adopted the seizures in September 2007.  Resp. Exhibit A (Declaration of John Hieronymus, DEA forfeiture counsel), at 2 ¶ 4(a), at 5 ¶ 5(a), and at 9 ¶ 6(a)

In September and October 2007, the DEA sent written notice of intent to forfeit the subject property.  Notices were sent by certified mail, return receipt requested to Brown at three addresses: 1) 4205 Woodlea Avenue, Baltimore, Maryland 21206; 2) 5000 Crenshaw Avenue, Apt. J, Baltimore, Maryland 21206; and 3) Wallace Brown, Prisoner No. 909342, Baltimore City Detention

---

[1] The self-represented plaintiff was provided an opportunity to reply (ECF No. 10), but has not done so.

Center (BCDC), 401 East Eager Street, Baltimore, Maryland 21202. Exhibit A at 2-3 ¶ 4(b)(c) and (d), at 6-7 ¶ 5(b)(c) and (d),and at 9-10 ¶ 6(b)(c) and (d).  The notices sent to Brown at 4204 Woodlea Avenue, Baltimore, Maryland 21206 and 5000 Crenshaw Avenue, Apt. J, Baltimore, Maryland 21206 were returned to the DEA marked "RETURN TO SENDER. UNCLAIMED." Exhibits 2 and 4.  On September 4, 2007, an individual signed in the signature block and accepted delivery of the notice sent to Wallace Brown, Prisoner No. 909342, Baltimore City Detention Center (BCDC), 401 East Eager Street, Baltimore, Maryland 21202. Exhibit 5.  On November 23, 2007, the DEA confirmed these addresses were valid addresses for Wallace Brown, and that Brown was released from BCDC on October 2, 2007. Exhibit A at 4 ¶4 (f), at 7-8 ¶5 (f), and at 11 ¶6 (g). The DEA also published notice of intent to forfeit the subject property in the *Wall Street Journal* in October and November 2007. Exhibit A at 3-4 ¶4(e), at 7 ¶5(e), and at 10-11 ¶ 6 (f).

On November 13 and 23, 2007, Brown filed a "petition for the return of seized property" with the DEA for the Mercedes Benz. Exhibit A at 11, ¶ 6(h) and (i); Exhibit 29. In his petition, Brown wrote his return address was 4205 Woodlea Avenue, one of the addresses to which all of the notices had been sent.  On November 26, 2007, the DEA sent a letter to Brown at his Woodlea Avenue address and to MacFee and Negron, LLC, 1424 East Joppa Road, Towson, MD. 21286, asking him to clarify whether he intended his filing to be treated as a claim for the property or a petition for remission or mitigation of the forfeiture. Exhibit A at 11, ¶ 6(j); Exhibit 31.  On November 29, 2007, individuals signed in the signature block and accepted delivery of the letter at both addresses.  Exhibits 32 and 33.  The letter gave Brown twenty days to file a claim; described the differences between filing a claim and a petition; and outlined the requirements for a valid filing. Exhibit A at 11-12 ¶ 6(j).  Filing a  timely claim would require the DEA to transfer the matter to the U.S. Attorney's Office for judicial proceedings under 18 U.S.C. section 983(a)(3)(A),

2

whereas a petition for remission or mitigation is granted or denied as an administrative action within the discretion of the seizing agency. 19 U.S.C. §1618.

On December 13, 2007, no claims having been filed for the $5,000 in U.S. Currency or $4,595 in U.S. Currency, the DEA issued administrative declarations of forfeiture for the money. Exhibit A at 4-5 ¶4 (g), and at 8 ¶5(g)l Exhibits 8 and 19. On January 31, 2008, after no claim had been filed for the 2003 Mercedes Benz, the DEA issued an administrative Declaration of Forfeiture for the vehicle. Exhibit A at 12 ¶ 6(m).

On February 3 and 4, 2008, Brown, filed claims with the DEA for the $5,000, $4,595, and the vehicle. Exhibit A at 5 ¶4(h) and (i), at 8 ¶5(h) and (i), and at 12-13 ¶6(n) and (o).2  On December 17, 2008, Brown's claims were rejected as untimely. Exhibit A at 5 ¶4(j), at 8 ¶5(j), and at 13 ¶ 6(q).[3]

### STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005).   A challenge under Rule 12(b) (1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to

---

[2] Brown filed three separate civil actions in this court pertaining to the subject property, each titled "Petition for the Return of Seized Property."  They were assigned civil action numbers: CCB-07-3096, CCB-07-2933, and CCB-07-2934, and later consolidated under Civil Action No. CCB-07-2933.  The consolidated cases were dismissed without prejudice for lack of jurisdiction by order dated February 7, 2008.

[3]  A petition for remission was filed by a lienholder that held a debt secured by the vehicle. Exhibit A at 12, ¶6(k). That petition was filed timely within the 20-day grace period and granted by the agency. Exhibit A at 13, ¶6(p).

dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F.Supp.2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.' " *Khoury v. Meserve,* 268 F.Supp.2d 600, 606 (D. Md. 2003) (citation omitted).  The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Maryland Dept. of Public Safety & Correctional Services*, 94 F.Supp.2d 680, 684–85 (D. Md. 2000). A plaintiff carries the burden of establishing subject matter jurisdiction. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir.1999).

## DISCUSSION

Motions under Fed.R.Crim.P. 41(g) are appropriate only where the property in question has not yet been forfeited to the government.[4]   In this case, the subject property was forfeited more than four years ago.  Brown's response to the November 2007 notices sent to him evidence that he was aware of the pending DEA administrative proceedings.  Brown cannot claim that he is now filing under Rule 41 because he was unaware of the forfeiture.  Therefore, his recourse is under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), the exclusive remedy for challenging a

---

[4]  Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property

4

declaration of forfeiture.  *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005).

Under CAFRA, a plaintiff must demonstrate that he was entitled to written notice prior to the forfeiture, but did not receive that notice. 18 U.S.C. § 983(e).  To successfully challenge a forfeiture, a plaintiff must demonstrate that: 1) the government knew, or reasonably should have known of his interest, but failed to take reasonable steps to provide notice; and 2) he did not know or have reason to know of the seizure in time to file a claim prior to forfeiture.  Brown raises no allegations of improper notice of forfeiture proceedings in the instant petition.  The uncontroverted facts show that he received notice of the forfeiture proceedings, although he submitted untimely claims in response.  As such, the instant petition will be dismissed for lack of subject matter jurisdiction.[5]

## CONCLUSION

For these reasons, the petition will be dismissed with prejudice.  A separate order follows.

June 20, 2012                                   _____/s/_____
Date                                            Catherine C. Blake
                                                United States District Judge

---

and its use in later proceedings.

[5]  Brown seeks release of the subject property.  As such, he has failed to request the only remedy available to him under CAFRA, vacatur of the declaration of forfeiture.  Accordingly, the petition is also dismissible for failure to state a claim upon which relief can be granted.